IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

VIRGINIA IS FOR MOVERS, LLC, *et al.*,
*individually and on behalf of all those
similarly situated*,
    Plaintiffs,

v.

APPLE FEDERAL CREDIT UNION,
    Defendant.

Civil No. 1:23cv576 (DJN)

## ORDER
### (Approving Class Action Settlement)

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. (ECF No. 78 ("Motion").) Plaintiffs Virginia is for Movers, LLC, and Abigail McAllister ("Plaintiffs"), individually and on behalf of the proposed Settlement Classes, and Defendant Apple Federal Credit Union ("Defendant") have entered into a Settlement Agreement and Release dated February 5, 2025 (ECF No. 71-1 (the "Agreement")), which is subject to review by the Court under Federal Rule of Civil Procedure 23(e). On February 19, 2025, this Court entered an Order that: (i) preliminarily approved the Agreement; (ii) determined that, for purposes of the settlement only, the action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Plaintiffs Virginia is for Movers, LLC, and Abigail McAllister as Class Representatives; (iv) appointed Class Counsel; (v) approved the form and manner of the Settlement Class Notice Plan; and (vi) set a hearing for June 17, 2025 to consider final approval of the Agreement. (ECF No. 74.) Plaintiffs' Motion now seeks final approval of the

Agreement, which provides for Defendant to pay $2,500,000 into a non-reversionary settlement fund and to forgive uncollected fees in exchange for a release.

The Court has reviewed Plaintiffs' Motion along with Plaintiffs' supplemental filings, the Agreement and its exhibits. The Court also conducted a hearing in this matter on June 17, 2025. On that basis, and for the reasons stated herein, the hereby GRANTS Plaintiff's Motion (ECF No. 78) and ORDERS the following:

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Classes in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and the terms of the Agreement to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23 and all other applicable laws and rules.

4. The Court finds that Defendant has complied with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Settlement Administrator properly and timely notified the appropriate government officials of the Settlement, pursuant to CAFA. The Court has reviewed the substance of the notice and finds that it complies with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since the CAFA notice was served.

5. The settlement includes, as set forth in greater detail in the Agreement, a

$2,500,000 common fund to cover Settlement Class Member Payments, attorneys' fees and costs, and service awards for the named Plaintiffs, and the costs of notice and administration.

6. The Agreement (i) is in all respects fair, reasonable and adequate to the Settlement Classes; (ii) was the product of informed, arm's-length negotiations among competent, able counsel; and (iii) was made based on a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendant to adequately evaluate and consider their positions. In finding the Agreement fair, reasonable and adequate, the Court has also considered the overwhelming positive reaction from the Settlement Classes as it relates to opt-outs and objections, and the opinion of competent counsel concerning such matters.

7. The distribution plan proposed by the Parties is fair, reasonable and adequate.

8. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9. Because the Court approves the Settlement as fair, reasonable and adequate, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

10. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

11. The appointment of Virginia is for Movers, LLC, and Abigail McAllister as Class Representatives is confirmed.

12. The appointment of Class Counsel of Lynn A. Toops of Cohen & Malad, LLP; J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC; and Devon J. Munro of Munro Byrd P.C., is affirmed.

13. The Court affirms the finding that the Settlement Classes meet the relevant

requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the settlement in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class members; (4) the Class Representatives are adequate representatives for the Settlement Classes and have retained experienced counsel to represent them and the Settlement Classes; (5) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

14.     The Court orders the Parties to the Agreement to perform their obligations thereunder pursuant to the terms of the Agreement. If residual funds remain following distribution, the Parties shall distribute half of any remaining funds to Feed More, Inc. in Richmond, VA, and half to Mobile Hope in Leesburg, VA, as cy pres recipients.

15.     Judgment shall be, and hereby is, entered dismissing the Action, on the merits, and without taxation of costs in favor of or against any Party.

16.     Upon the Effective Date, each member of the Settlement Classes who has not validly excluded himself or herself, releases and forever discharges Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions and causes of action of every nature, character and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiffs and the Class Members

who do not opt out now have, own or hold against any of the Defendant Releasees that arise out of and/or relate to the facts and claims alleged in the Action, provided, however, that this release does not, and shall not be construed to, release claims relating to non-sufficient funds fees.

17. The Court hereby decrees that neither the Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Defendant Releasees of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Defendant Releasees in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

18. The Court hereby retains and reserves jurisdiction over: (a) implementation of the Agreement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended there to; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

19. In the event that the Effective Date of the Agreement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order shall be vacated. In such event, all orders entered and releases

delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Agreement.

20. The Court adjudges that the Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The case is now CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: June 17, 2025